# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AUTOMOTIVE INSPECTION
SERVICES, INC.

                                             CASE NO. 06-15100
           Plaintiff,                    HON. LAWRENCE P. ZATKOFF

v.

FLINT AUTO AUCTION, INC., PRIORITY
INSPECTION, INC., INVISO, INC.,
JOHN LUCE, WILLIAM WILLIAMS, JR.,
ANGIE COMPTON, LAWRENCE CUBIT,
KENNETH J. MOFFITT, SCOTT BRALEY,
and JOHN DOES 1-10,

          Defendants.
_____/

## ORDER

This matter is before the Court upon Plaintiff's Motion for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b), filed with the chambers of the Honorable Lawrence P. Zatkoff, 526 Water Street, Port Huron, Michigan 48060.

### I. BACKROUND

Plaintiff Auto Inspection Services, Inc. ("AIS"), is a developer of automotive inspection software ("the Program") that is utilized as a uniform method of inspecting vehicles after the term of lease or use has expired. The software may be loaded on a central server or laptop computers employed at the site of inspection, which eliminates the need to transfer vehicles to different locations for inspections. The standardized approach has dramatically improved efficiency in the auto inspection business by standardizing inspections, eliminating the need to move vehicles, creating a central database of information, and eliminating the need for paper files. Consequently,

AIS's software is in great demand by companies in the auto inspection business. Furthermore, AIS has invested a substantial amount of time, money, and research into developing and refining its software. In March 2004, AIS registered the Program with the United States Copyright Office, and currently owns the copyright for the Program.

In order to protect against unauthorized use of the Program, AIS included a safeguard as part of the software which allowed it to monitor all information collected using the Program. For example, when an auto inspector collected data of a vehicle and entered it into the Program, the data had to be sent to AIS for quality control inspection before the information could be forwarded to the owner of the vehicle. In this way, AIS could monitor who was using the Program to protect against unauthorized use.

Defendant Flint Auto Auction, Inc. ("FAA"), is also in the auto inspection business. On October 27, 2003, FAA and AIS entered into a non-exclusive licensing agreement in which AIS permitted FAA to make use of the Program in its inspection business. In return for the use, FAA was required to pay AIS $3.00 for every car inspected using the Program. Pursuant to the agreement, FAA was prohibited from printing, copying, translating, reverse engineering, de-compiling, modifying, or creating derivative works of the Program. FAA was also prohibited from disclosing, selling, licensing, or otherwise distributing the Program to any third party without AIS's consent. However, FAA was permitted to make one copy of the Program for backup purposes only. AIS reserved the right to terminate the agreement and require the return or destruction of all copies of the Program if FAA failed to abide by its terms.

In May 2004, AIS, through its quality control process, learned that an unauthorized user had made use of the Program using FAA's license. AIS also alleges that in a conversation with

Defendant John Luce, FAA's general manager, Luce admitted that he allowed a third person to use the Program. AIS immediately issued a cease and desist letter pursuant to the license agreement, requiring FAA to stop use of the Program and return all copies to AIS. Counsel for AIS responded, admitting that Luce had allowed a third party to use the Program, but denied any wrong doing. Still, FAA agreed that it would be in the parties' best interest to terminate the agreement.

Following the end of the business relationship, Plaintiff alleges that FAA continued to make use of the Program in violation of its copyrights. In particular, Plaintiff states that FAA has used the same or substantially similar program at trade shows and still possesses a copy of the Program at its principal place of business. Furthermore, in July 2006, Plaintiff alleges that it lost a substantial amount of its auto inspection business to FAA due to its unauthorized use of the Program, a derivative of the Program, or a substantially similar program.

Finally, Plaintiff has submitted an affidavit of a former FAA employee, Jacob Kniss, which states that FAA instructed Mr. Kniss to alter AIS's software in order to circumvent the quality control procedures. Mr. Kniss worked for FAA from 2001 to 2006 as an auto inspector, during which time he became familiar with the inspection software. Mr. Kniss has stated that sometime after FAA began using AIS's software, his supervisors instructed him to alter the software, which FAA then began using for its business. Mr. Kniss states that FAA's software is the same or substantially similar to the Program, and that FAA is still currently using the Program, a derivative of the Program, or a substantially similar program. Consequently, Plaintiff alleges that its copyrights are currently being violated and seeks a temporary restraining order to halt the violation.

## II. LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled

to a temporary restraining order or other preliminary injunctive relief:

 (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

 (2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

 (3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

 (4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

### III. ANALYSIS

Plaintiff seeks a temporary restraining order ("TRO") pursuant to Fed. R. Civ. P. 65(b), prohibiting Defendants from further use of a computer program that Plaintiff alleges infringes on its copyrights to that Program. Plaintiff also seeks expedited discovery and an order allowing it to seize certain materials from Defendants. For the following reasons, the Court GRANTS Plaintiff's request for a TRO and DENIES its request for expedited discovery and seizure of property.

**A. Likelihood of Success on the Merits**

Plaintiff asserts that it has a substantial likelihood of success on the merits of its claim under

copyright infringement laws and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 et seq. Section 1201(a)(1) of the DMCA states that "no person shall circumvent a technological measure that effectively controls access to a work protected under this title." Circumventing a technological measure means "to descramble a scrambled work, to decrypt an encrypted work, or otherwise bypass, remove, deactivate, or impair a technological measure, without authority of the copyright owner." 17 U.S.C. § 1201(a)(3)(A). A technological measure effectively controls access to the work "if the measure in the ordinary process of its operation, requires the application of information or a process or a treatment, with the authority of the copyright owner, to gain access to the work." 17 U.S.C. § 1201(a)(3)(B). The effectiveness test is met if the technological measure actually works to control access. *See Universal City Studios v. Reimerdes*, 111 F.Supp.2d 294, 318 (S.D. N.Y. 2000).

In order to prevail on a claim of copyright infringement, the plaintiff must establish (1) an exclusive ownership in a valid, existing copyright, and (2) the copying or other use of the copyrighted work by the defendant without the plaintiff's permission. *See Coles v. Wonder*, 283 F.3d 798, 801 (6th Cir. 2002). A work infringes if it is substantially similar to the copyrighted work. *See Kohus v. Mariol*, 328 F.3d 848 (6th Cir. 2003). A work is substantially similar if an ordinary reasonable person would fail to differentiate between the two works. *See id.* at 855.

The Court finds that AIS has demonstrated strong likelihood of success on the merits. AIS is the owner of a valid copyright in the Program. The evidence shows that FAA had access to the Program via the licensing agreement and that one of FAA's employees was instructed to alter that program to circumvent a measure intended to control access to a copyrighted work. Further, the affidavit indicates that FAA is still making use of software that is substantially similar to the

5

Program without AIS's permission. Therefore, AIS has demonstrated a sufficient likelihood of success on the merits.

## B. Irreparable Harm

In cases of copyright infringement, once a plaintiff has shown strong likelihood of success on the merits, it is entitled to a presumption that it has suffered irreparable harm. *See Forry, Inc. v. Neundorfer, Inc.*, 837 F.2d 259, 267 (6th Cir. 1988). In light of AIS's showing of a likelihood of success on the merits, the Court finds that AIS will be irreparably harmed if a TRO is not issued. The Court also agrees with AIS's assertion that a TRO is necessary to prevent the concealment or destruction of evidence pending a hearing.

## C. Harm to FAA

A copyright infringer has no legitimate interest in continuing to break the law and cannot argue that its business would be harmed by enforcing a valid copyright. *See Worlds of Wonder v. Veritel Learning Systems*, 658 F.Supp. 351, 357 (N.D. Tex. 1986). The Court concludes that any harm to FAA as a result of the TRO is outweighed by the harm that AIS would experience in the absence of a TRO. Therefore, this factor weighs in favor of AIS.

## D. Public Interest

"[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983). Accordingly, the public interest weighs in favor of issuing a TRO in this case.

## E. Expedited Discovery and Seizure of Property

Plaintiff has not made any showing for the purposes of proceeding without notice that

Defendants would disobey the Court's Order and conceal or destroy evidence. Further, the nature of the evidence alone is insufficient to allow Plaintiff to obtain an *ex parte* order permitting the search and seizure of property. *See First Tech. Safety Sys. v. Depinet*, 11 F.3d 641 (6th Cir. 1993). Therefore, the Court concludes that Plaintiff's request for expedited discovery and an order allowing it to seize evidence is inappropriate in this case.

## IV. CONCLUSION

The Court, having reviewed the Plaintiffs's Motion for a Temporary Restraining Order and its Brief in support thereof, including the exhibits thereto, as well as the pleadings and briefs filed in this case to date, and having considered the applicable legal standard, holds as follows

IT IS ORDERED that Plaintiff's ex parte motion for a temporary restraining order is GRANTED and Plaintiff's request for expedited discovery and seizure of Defendants' property is DENIED

IT IS FURTHER ORDERED Defendants' shall appear before this Court, located at 526 Water St., Port Huron, Michigan, on Thursday November 30, at 10:00 a.m., and show cause why Plaintiff should not be granted preliminary injunctive relief.

IT IS FURTHER ORDERED that Defendants are HEREBY ENJOINED from:

i. Selling, transferring, distributing or otherwise conveying any information, materials, or equipment relating to (a) Plaintiff's copyrighted software Program and other proprietary materials such as training and/or installing procedures and (b) Defendant FAA's materials or software or computers to anyone for any purpose;

ii. Copying: (a) any of Plaintiff's copyrighted software and or proprietary or confidential information transferred pursuant to the license agreement now terminated and (b) Defendant FAA's computer software or related business

          information to any computer, disk, or other transferable media for any purpose; and

iii.    Destroying, deleting, removing, altering, or otherwise discarding any materials or information relating to (a) Plaintiff's products or computer software, and (b) Defendant FAA's products, related information, materials, computer software and sales/licensing, conveyances, uses, or transfers of any FAA products or such information. This prohibition shall extend to the deletion, removal, or alteration of any such information or materials from any computers located at the place of business of Defendant FAA, or at the individual residences of the Defendants.

IT IS FURTHER ORDERED that Plaintiff shall submit a bond (or surety bond) in the amount of $100,000, to be posted by 5:00 p.m., November 16, 2006.

IT IS FURTHER ORDERED that Plaintiff shall, on or before Friday November 17, 2006, at 5:00 p.m., serve upon Defendants a copy of this Order, together with a copy of the verified complaint, motion for temporary restraining order and brief in support thereof, and accompanying materials.

This Temporary Restraining Order is being issued on November 15, 2006, at 4:30 p.m., in Port Huron, Michigan.

This Order shall remain in effect until November 30, 2006, unless otherwise dissolved or extended by further order of the Court.

IT IS SO ORDERED.

                                      S/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated:  November 15, 2006

CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 15, 2006.

               S/Marie E. Verlinde
               Case Manager
               (810) 984-3290