**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AUTO INSPECTION
SERVICES, INC.

              CASE NO. 06-15100
   Plaintiff,          HON. LAWRENCE P. ZATKOFF

v.

FLINT AUTO AUCTION, INC., PRIORITY
INSPECTION, INC., INVISO, INC.,
JOHN LUCE, WILLIAM WILLIAMS, JR.,
ANGIE COMPTON, LAWRENCE CUBIT,
KENNETH J. MOFFITT, SCOTT BRALEY,
and JOHN DOES 1-10,

   Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 28, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is presently before the Court upon Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) and Motion for Imposition of Rule 11 Sanctions pursuant to FED. R. CIV. P. 11. Plaintiff has filed a response to both of these motions and Defendants have since replied. Plaintiff has recently requested leave to file an amended brief in response to Defendants' motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendants' motions are DENIED.

## II.  BACKGROUND

Plaintiff Auto Inspection Services, Inc. ("AIS"), developed automotive inspection software ("the Program") that is utilized as a uniform method of inspecting vehicles after the term of lease or use has expired. In March 2004, AIS registered the Program with the United States Copyright Office, and currently owns the copyright for the Program. Defendants Flint Auto Auction, Inc., Inviso, Inc., and Priority Inspections, Inc. (collectively "FAA") are also in the auto inspection business. FAA began designing and programming its own automotive software in 1990, including three separate inspection programs, using both an in-house computer staff and outside firms such as Technical Edge.

GMAC, as part of its business of reselling cars at the end of their leases, began using the internet to conduct sales, making inspections a critical element in the business. GMAC approached FAA to conduct these inspections in the summer of 2003, and suggested that FAA use AIS's inspection software. GMAC had previously approved AIS's software, which it required to contain uniform elements and provided detailed instructions for writing the software. Such instructions were necessary for uniformity in GMAC's inspections. Consequently, the inspectors GMAC dealt with, such as FAA and AIS, used software that was substantially similar. On October 27, 2003, FAA and AIS entered into a non-exclusive licensing agreement in which AIS permitted FAA to make use of the Program while performing inspections for GMAC. AIS loaded the software directly on to Panasonic Toughbook computers and provided the computers to FAA.

Following the end of the business relationship, AIS alleges that FAA continued to make use of the Program in violation of its copyrights. FAA states that following the end of the business relationship with AIS, it set forth to develop its own inspection program to take the place of AIS's

Program.

On November 14, 2006, AIS commenced the present lawsuit and concurrently filed a Motion for a Preliminary Injunction. The Court held a hearing on November 30, 2006, in which the parties' presented testimony and evidence bearing on the issue of injunctive relief. Notably, FAA presented witnesses whose testimony indicated that it did not copy AIS's program, but rather developed its own program independently. Further, FAA presented testimony that rebutted AIS's principle evidence of copying. Following the parties' presentations, the Court denied AIS's motion, finding that it failed to satisfy its burden of proof to obtain a preliminary injunction. The Court issued a written Opinion and Order outlining its reasoning for the denial on December 4, 2006, in which the Court summarized the substance of the preliminary injunction hearing. Defendants now move to dismiss the case largely on the basis of the Court's written Opinion and Order of December 4, 2006.

### III.  LEGAL STANDARDS

A motion brought pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiffs' claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiffs' favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Furthermore, the Court need not accept as true legal conclusions or unwarranted factual inferences. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiffs to recover. *See Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to FED. R. CIV. P. 56. *See* FED. R. CIV. P. 12(b).

Rule 11 of the Federal Rules of Civil Procedure governs the collateral issue of "whether [an] attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S 384, 395 (1990). Rule 11 imposes on any party who signs a document submitted to the court an affirmative duty to make a reasonable inquiry into the facts and law before filing. *See Business Guides, Inc. v. Chromatic Comm. Enter.*, 498 U.S. 533, 543 (1991). The test for imposing Rule 11 sanctions in the Sixth Circuit is whether the individual's conduct was reasonable under the circumstances. *See Int'l Union, UAW v. Aguirre*, 410 F.3d 297, 304 (6th Cir. 2005). Whether to impose sanctions for a violation of Rule 11 is within the Court's discretion. *See* FED. R. CIV. P. 11(c).

### IV.  ANALYSIS

### A.  Defendants' Motion to Dismiss

The elements of a claim of copyright infringement are (1) an exclusive ownership in a valid, existing copyright, and (2) the copying or other use of the copyrighted work by the defendant without the plaintiff's permission. *See Coles v. Wonder*, 283 F.3d 798, 801 (6th Cir. 2002). The existence of a valid copyright certificate constitutes prima facie evidence of ownership. *See* 4 NIMMER ON COPYRIGHT § 13.01[A]. In order to demonstrate copying, the plaintiff must demonstrate

both factual and legal copying. *See* 4 NIMMER ON COPYRIGHT § 13.01[B].  In other words, the plaintiff must show that its work was copied as a matter of fact and that such copying is legally actionable. *See id.*

FAA's argument relies heavily on what it characterizes as the factual findings of the Court at the preliminary injunction hearing and the law of the case doctrine. However, preliminary injunctions require plaintiffs to satisfy a lesser burden of proof than is required for a decision on the merits and "[a]s a general rule, decisions on preliminary injunctions do not constitute the law of the case and 'parties are free to litigate the merits.'" *Wilcox v. United States*, 888 F.2d 1111, 1114 (6th Cir. 1989) (quoting *Golden State Transit Corp. v. City of Los Angeles*, 754 F.2d 1326, 1328 n.2 (9th Cir. 1981)).  Thus as the preliminary injunction hearing was, by its very nature, preliminary, the Court is not bound by the factual determinations it made in connection with its denial of AIS's motion for a preliminary injunction.

Without the aid of the law of the case doctrine, FAA's motion must fail. A motion brought pursuant to Rule 12(b)(6) requires the Court to accept all of AIS's allegations as true and draw all reasonable inferences in AIS's favor. *See Jackson*, 961 F.2d 577-78. In light of this standard and the liberal philosophy of the pleading rules, the Court finds that AIS has stated a claim for copyright infringement and under the Digital Millennium Copyright Act ("DMCA"). AIS asserts that it has a valid copyright certificate, which constitutes prima facie evidence of ownership. Moreover, AIS asserts that FAA had possession of computers which contained the Program, from which the Court can infer that FAA had access to the Program's source code. Finally, AIS alleges that FAA's program looks substantially like AIS's Program, from which the Court can infer copying. With respect to the DMCA, AIS has asserted facts indicating that the Program contains a technological

feature designed to prevent access to the work and that FAA circumvented this feature. This sufficiently states a claim notwithstanding AIS's shortcomings at the preliminary injunction hearing.

The Court agrees with AIS that discovery is necessary to fully develop the factual issues so that they may be properly decided on the merits. The issues of factual and legal copying in the context of computer software require a detailed analysis of intricate and technical facts that, at this early stage of the litigation, where no discovery has taken place, are virtually impossible to decide. Therefore, the Court finds that dismissing AIS's claim is inappropriate at this time and FAA's motion is denied.

**B.  Rule 11 Sanctions**

For similar reasons, the Court finds that sanctions are also inappropriate. FAA argues that AIS filed this lawsuit without sufficient investigation into the facts. However, FAA fails to mention that AIS has not had an opportunity to conduct discovery. FAA's motion is essentially based on AIS's failure to prove its case by a preponderance of the evidence at the pleading stage. Since AIS has had no discovery and has sufficiently pled a claim for copyright infringement, the Court finds that AIS's actions in this case were not unreasonable under the circumstances.

## V. CONCLUSION

The Court finds that Plaintiff has adequately stated a claim for copyright infringement under the Copyright Act and the Digital Millennium Copyright Act. Furthermore, the Court finds that sanctions are inappropriate at this time. Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss (Docket #22) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Imposition of Rule 11 Sanctions (Docket #26) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for leave to File and Amended Brief (Docket #31) is DENIED.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: February 28, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 28, 2007.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290