# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AUTOMOTIVE INSPECTION
SERVICES, INC.

          Plaintiff,

CASE NO. 06-15100
HON. LAWRENCE P. ZATKOFF

v.

FLINT AUTO AUCTION, INC., PRIORITY
INSPECTION, INC., INVISO, INC.,
JOHN LUCE, WILLIAM WILLIAMS, JR.,
ANGIE COMPTON, LAWRENCE CUBIT,
KENNETH J. MOFFITT, SCOTT BRALEY,
and JOHN DOES 1-10,

          Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 9, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss for Court Rule and Other Violations (Dkt. #49). Plaintiff has responded to this motion and Defendants have since replied. Additionally, Plaintiff has filed a motion for sanctions against Defendants (Dkt. #53) which has also been fully briefed. On October 10, 2007, the Court ordered Plaintiff to appear for a hearing on Defendants' motion and notified Plaintiff's counsel that the Court would be considering sanctions pursuant to its inherent powers for counsel's alleged violations of Fed. R. Civ. P. 45. The Court held the aforementioned hearing on October 18, 2007. For the reasons set forth below, Defendants' Motion is GRANTED in part and Plaintiff's Motion is DENIED.

## II. BACKGROUND

Plaintiff Automotive Inspection Services, Inc. ("AIS"), developed automotive inspection software ("the Program") that is utilized as a uniform method of inspecting vehicles after the term of lease or use has expired. Defendants Flint Auto Auction, Inc., Inviso, Inc., and Priority Inspections, Inc. (collectively "FAA") are also in the auto inspection business. On October 27, 2003, FAA and AIS entered into a non-exclusive licensing agreement in which AIS permitted FAA to make use of the Program while performing inspections for GMAC. AIS loaded the software directly onto Panasonic Toughbook computers and provided the computers to FAA. In May 2004, AIS learned that an unauthorized user, Columbus Fair Auto Auction ("CFAA"), had made use of the Program using FAA's license. The current issue concerns CFAA and two of its Toughbook computers.

As part of its discovery, AIS sought to inspect the two Toughbook computers and other documents in CFAA's possession. On June 28, 2007, AIS's attorney, Mr. Begin, traveled to Columbus, Ohio, to conduct the inspection. After meeting with certain personnel from CFAA early in the day, Mr. Begin asked if he could copy the hard drives of both computers. When CFAA refused, Mr. Begin and Ryan Schultz, a computer engineering consultant, went to Best Buy and purchased equipment for copying the information on the Toughbooks. Mr. Begin then prepared a subpoena by hand, signed it, and presented it to representatives from CFAA. The subpoena commanded CFAA, which is not a party in this case, to produce and permit "inspection and copying of the following documents and objects" at 4:00 p.m. that same day. The documents and objects to be produced, in turn, were described as: "(1) Two Panasonic Toughbook Computers and (2) Inviso Files in Denny Hellor's control (Docs. Reviewed in earlier meeting today.)."

Based on its belief that Mr. Begin had presented it with a valid subpoena, CFAA allowed him to hook up the equipment he purchased at Best Buy to the Toughbook computers. Mr. Begin admits that he copied the contents of those computers. However, Mr. Begin failed to notify or serve notice of the June 28 subpoena on FAA. Consequently, FAA did not learn of Mr. Begin's actions until he had already inspected the computers and copied their contents.

Despite Mr. Begin's investigation on June 28, he issued a second subpoena to CFAA on July 12, 2007, commanding the production of the same documents and computers by July 26. Again, Mr. Begin did not provide notice of the subpoena to FAA. Further, because the subpoena was duplicative, CFAA filed a motion for a protective order in the Southern District of Ohio. As part of its motion, CFAA described, in detail, Mr. Begin's surreptitious conduct on June 28.

FAA's counsel did not learn about the existence of either of these subpoenas until shortly before the Court's July 19, 2007, Scheduling Conference. At that conference, the Court asked the parties if they had begun discovery. Mr. Begin informed the Court that some document requests and interrogatories had been served, but failed to disclose the fact that he had issued two subpoenas and already inspected and copied CFAA's computers. Only when FAA's counsel questioned Mr. Begin about the subpoenas did Mr. Begin admit that he had issued the July 12 subpoena and claimed that he inadvertently failed to notify FAA. Mr. Begin again did not mention the June 28 subpoena. Later that day, Mr. Begin e-mailed FAA's counsel copies of the three subpoenas issued out of the Southern District of Ohio.

### III. DISCUSSION

FAA urges the Court to dismiss AIS's case as a sanction for Mr. Begin's violation of Rule 45 of the Federal Rules of Civil Procedure. In response, AIS argues that Mr. Begin's violation was

3

not intentional and that FAA has not been prejudiced by his conduct. As explained below, the Court agrees with FAA that Mr. Begin wilfully violated Rule 45 and that sanctions are necessary. However, the Court disagrees with FAA that dismissal is appropriate.

**A. Rule 45**

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas. A subpoena may be used to compel the production of documents and other tangible things, *see* Fed. R. Civ. P. 45(a)(1)(c), and may be issued by "[a]n attorney as officer of the court," Fed. R. Civ. P. 45(a)(3). The Rule further provides that "[p]rior notice of any commanded production of documents and things or inspection of premises before trial *shall be served on each party* in the manner prescribed by Rule 5(b)." Fed. R. Civ. P. 45(b)(1) (emphasis added). As one court stated, "[t]he law could not be clearer concerning an attorney's responsibilities when issuing third-party subpoenas .... Without question, Rule 45(b)(1) requires a party issuing a subpoena ... to a non-party to 'provide prior notice to all parties to the litigation.'" *Murphy v. Bd. of Educ. of the Rochester City Sch. Dist.*, 196 F.R.D. 220, 222 (W.D.N.Y. 2000) (quoting *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000)); 9 James Wm. Moore, *Moore's Federal Practice* § 45.03[4][b][iii] (3d ed. 2000).

It is clear in this case that Mr. Begin violated Rule 45's notice requirement at least once. On June 28, Mr. Begin hand wrote and served a subpoena that required CFAA, that same day, to produce documents and allow Mr. Begin to inspect and copy the contents of two Toughbook computers. In addition, Mr. Begin served two more subpoenas on July 12 without giving prior notice to FAA. Mr. Begin's actions clearly violated the mandate in Rule 45(b) that "prior notice ... shall be served" on all parties to the action.

Mr. Begin's excuse for failing to comply with Rule 45(b) is unpersuasive and borderline

4

frivolous. He argues that notice was not necessary based on his reading of Rule 45 and the advice of an unidentified attorney that Mr. Begin claims to have contacted prior to filling out the subpoena on June 28. In support of this argument, Mr. Begin points to Rule 45(b)(3), which states: "Proof of service when necessary shall be made by filing with the clerk of the court by which the subpoena is issued a statement of the date and manner of service and of the names of the persons served ...." Because the Rule only requires proof of service "when necessary," Mr. Begin claims that he did not have to provide prior notice of the issuance of the subpoenas to FAA in this case.

Mr. Begin's reliance on the "when necessary" language is misplaced, as this language is completely inapplicable to this case. This language refers to providing proof of service of the actual subpoena on the person subject to the subpoena's command, and does not qualify the requirement of giving prior notice of the subpoena's issuance to the parties in Rule 45(b)(1) whatsoever. Even if notice was not required in all cases, it is inconceivable that the Federal Rules would leave the determination of when to provide notice to the sole discretion of the party issuing the subpoena. If this were the case, as Mr. Begin clearly believes it is, Mr. Begin would be able to give notice whenever he felt notice should be given, as opposed to when the Rules require notice to be given.

What is more, Mr. Begin's proposed reading of Rule 45 essentially nullifies several portions of the Rule, such as the explicit prior notice requirement in Rule 45(b)(1) and any provision allowing a party to object to the issuance of the subpoena. The purpose of the prior notice requirement

> is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31. But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

5

Fed. R. Civ. P. 45 committee note, 1991 amendments. If Mr. Begin's interpretation was correct there would be no need to provide for the opportunity to object in Rule 45(c)(2) because any party that would object would have no knowledge of the subpoena in order to object to it.

The Court finds that Mr. Begin did in fact violate Rule 45 by failing to give notice to FAA prior to executing the June 28 subpoena. The remaining issues are whether this violation warrants sanctions and, if so, what sanctions are appropriate.

**B. Sanctions**

The Court possesses the inherent power to sanction conduct considered to be an abuse of the judicial process or where the offending party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *F. D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)); *see also Summit Valley Indus. v. Local 112, United Brotherhood of Carpenters*, 456 U.S. 717, 721 (1982) (permitting attorney fees as sanctions upon finding of bad faith, vexatious, or wanton misconduct); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980) (permitting the award of attorney fees pursuant to the court's inherent powers upon a finding that counsel willfully abused the judicial process by conduct tantamount to bad faith); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259-59 (1975) (same); *Shimman v. Int'l Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1230-31 (6th Cir. 1984) (recognizing the court's inherent power to impose monetary sanctions, including attorney fees, for bad faith conduct and collecting cases); *Mann v. University of Cincinnati*, 114 F.3d 1188, 1997 WL 280188, at *6 (6th Cir. 1997) (same); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1336 n. 10 (3d ed. 2004) (collecting cases). "These powers are governed not by rule or statute but by the general control necessarily vested in courts to manage

their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)) (internal quotation marks omitted). Given Mr. Begin's violations of Rule 45, and his unrepentant attitude toward opposing counsel, third-parties, and the Court, the Court finds that sanctions are warranted.

The court in *C.B.H. Resources, Inc. v. Mars Forging Co.*, 88 F.R.D. 564, 569 (W.D. Pa. 1983), dismissed the plaintiff's case after the plaintiff abused the process of the court under Rule 45 and secured a witness's presence and testimony by presenting the witness with a handwritten document that the plaintiff claimed to be a valid subpoena compelling the witness to testify. The plaintiff subsequently encouraged the witness to perjure himself at the hearing on the defendant's motion to dismiss. *Id.* at 568. Noting the harshness of dismissal as a sanction, the court still concluded that it could not "allow a party which has demonstrated such a flagrant disregard for our rules simply to receive a small penalty and then go forward with its claim," and that "dismissal with prejudice [was] the only appropriate sanction." *Id.* at 569.

In contrast, the courts in *Murphy*, *supra*, and *Spencer v. Steinman*, 179 F.R.D. 484, 489 (E.D. Pa. 1998), *vacated in part by* No. 96-1792, 1999 WL 33957391 (E.D. Pa. Feb. 26, 1999), imposed lesser sanctions for abuses of the subpoena power. The issue before the court in *Murphy*, was "whether experienced trial counsel for plaintiff should be sanctioned for repeatedly issuing third-party subpoenas without giving notice to opposing counsel as required by Fed. R. Civ. P. 45." *Murphy*, 196 F.R.D. at 221. The plaintiff's counsel in *Murphy* issued twelve third-party subpoenas without notifying the defendant's counsel. The plaintiff's counsel did not contest the fact that she violated Rule 45, but instead offered explanations to the court in order to avoid the imposition of sanctions. The court initially stated that "because Rule 45 is so clear and because plaintiff's counsel

7

repeatedly violated it, sanctions would be appropriate based on those facts alone." *Id.* at 223. Despite this statement, the court went on to find that counsel's actions lacked any "legal and factual support," *id.* at 225, and constituted "clear evidence of bad faith," *id.* at 226. The court was particularly disturbed by the fact that counsel's actions indicated that she intended "to lull opposing counsel while she issued subpoenas for sensitive records in the custody of third-parties," and that counsel exhibited an "unrepentant posture" by attempting to place blame on the defendants and suggesting that she should not be sanctioned since her actions did not cause any harm. *Id.* at 226-27. Recognizing that counsel's actions deprived the defendant of "the greatest safeguard under the Rule, i.e., the ability to object to the release of the information prior to its disclosure," *id.* at 228 (quoting *Spencer*, 179 F.R.D. at 489), the court concluded that monetary sanctions were appropriate.

Similarly, the court in *Spencer* imposed sanctions against an attorney for abusing the subpoena power by issuing third-party subpoenas without providing notice to opposing counsel. Rejecting the attorney's "no harm, no foul" argument, the court stated that "the injury resulting from attorney misuse of the subpoena power is not limited to the harm it inflicts upon the parties. Rather misuse of the subpoena power also compromises the integrity of the court's processes." *Spencer*, 179 F.R.D. at 489; *see also United States v. Santiago-Lugo*, 904 F. Supp. 43, 48 (D.P.R. 1995) (finding that "[t]he mere fact that an attorney abuses the subpoena power directly implicates the Court itself and causes an embarrassment to the institution"). The court further noted that "[w]hen the power is misused, public confidence in the integrity of the judicial process is eroded." *Spencer*, 179 F.R.D. at 489.

Finally, the Sixth Circuit affirmed the district court's imposition of sanctions based on its inherent powers in *Mann v. University of Cincinnati*, *supra*, where the defendants' counsel, although

8

properly issuing a subpoena for the plaintiff's medical records, sent an ex parte letter to the custodian of the records indicating that the custodian could produce the records prior to the date set forth in the subpoena. However, the defendants' attorney did not simply wait for early compliance but reviewed and copied the records without notifying the plaintiff and knowing that the plaintiff would claim that the records were privileged. *Mann*, 1997 WL 280188, at *4. Moreover, when the plaintiff moved for a protective order and to quash the subpoena, the defendants' counsel did not disclose that she had already viewed and copied the records. *Id.* The plaintiff did not learn of counsel's actions until after filing her motion when the custodian informed her that defense counsel had already copied her records. *Id.* In light of these facts, the court found that the defendants' attorney "created the false impression that she was complying with ... Rule 45, but then subverted" the Rule when she secretly copied the records and deprived the plaintiff of an opportunity to object. *Id.* at *5. The court described counsel's use of Rule 45 as a "tool[] of deception," contrasting it with the Rule's purpose to "facilitate the exchange of relevant information between litigants." *Id.* After concluding that defense counsel had violated at least the spirit of Rule 45, the court went on to affirm the district court's finding that defense counsel had acted in bad faith, noting that defense counsel's silence and failure to notify the plaintiff after she had already examined the records "indicat[ed] that [she] knew [she] had done something improper." *Id.* at *6. The court stated that "[t]here [was] no justification for defendants' attorney secretly travelling [sic] to the Student Health Services ... reviewing [the plaintiff's] medical records before [the plaintiff] had a reasonable opportunity to object, and sharing the information with University counsel." *Id.* Accordingly, the court affirmed the imposition of sanctions. *Id.*

As in *C.B.H*, *Murphy*, *Spencer*, and *Mann*, Mr. Begin's conduct indicates a flagrant abuse

9

of the subpoena power and bad faith. As discussed above, Mr. Begin admits that he violated Rule 45 and, as in *Murphy*, merely attempts to avoid sanctions by offering explanations for his violation. As the courts in *Murphy* and *Spencer* recognized, the requirements of Rule 45 are unmistakably clear and Mr. Begin's issuance of a third-party subpoena without prior notice would warrant sanctions on its own. However, similar to counsel in *Murphy*, *Spencer*, and *Mann*, Mr. Begin's conduct also indicates that he violated Rule 45 in bad faith and in an attempt to gain access to potentially confidential information without giving FAA an opportunity to object.

As in *Murphy*, Mr. Begin's excuses are not colorable. Mr. Begin's alleged innocent misunderstanding of the prior notice requirement is borderline frivolous and his failure to have a copy of the Federal Rules on hand is no excuse for not consulting Rule 45 before acting, especially where Mr. Begin could have easily accessed a copy of the rules via the internet. Importantly, much like the plaintiff's counsel in *Murphy* and the defendants' counsel in *Mann*, Mr. Begin recognized the sensitive nature of the information he accessed on the Toughbook computers: Mr. Begin has repeatedly stressed the need for a protective order in this case. Despite this awareness, Mr. Begin, just as counsel did in *Mann*, covertly copied the contents of the Toughbook computers without a protective order and without giving FAA a chance to object. Thus, Mr. Begin's secret access to these computers may have irrevocably tainted key pieces of evidence and, as in *Spencer*, he cannot, in good faith, claim that there has been no harm done. What is even more disturbing given the nature of this case is that Mr. Begin could have just as easily added and/or altered information and programs on the Toughbook computers. As the court recognized in *Spencer*, the potential for this type of abusive behavior is precisely the reason for the prior notice requirement in Rule 45.

In addition, just as the court noted in *Murphy*, Mr. Begin's attitude is unrepentant: since his

actions have come to light, Mr. Begin has filed a motion for sanctions against FAA accusing its counsel of a conspiracy to entrap him while misusing the subpoena power. Further, as in *Mann*, Mr. Begin's subsequent subpoena to CFAA commanding the same production after he had already accessed the computers indicates that he knew he did something improper and reeks of an attempt to cover his tracks. Thus, the Court finds that Mr. Begin's violation of Rule 45 was intentional and, when taken together with his subsequent conduct, was tantamount to the type of bad faith conduct meriting sanctions pursuant to the Court's inherent powers.

Having concluded that sanctions are necessary in this case, the Court must determine what sanctions to impose. FAA advocates for the dismissal of AIS's case. Dismissal is a harsh sanction that should ordinarily be reserved for extreme circumstances. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590-91 (6th Cir. 2001). Furthermore, the Court should consider lesser sanctions before dismissing the case. *Id.*; 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369 (2d ed. 1995). Lesser sanctions that might be considered are "assessment of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *See* 8 James Wm. Moore, *Moore's Federal Practice* § 41.51[3][i] (3d ed. 2000). However, "courts need not consider lesser sanctions ... in situations where the misconduct is so egregious, inexcusable, and destructive that no lesser sanction than dismissal could be adequate." *First Bank of Marietta v. Hartford Underwriters, Inc.*, 307 F.3d 501, 513 (6th Cir. 2002) (quoting *Graham v. Shomaker*, 215 F.3d 1329, 2000 WL 717093, at *3 (7th Cir. 2000)).

The Court is inclined to agree with FAA that monetary sanctions may not be sufficient in this case. Unlike *Murphy* and *Spencer*, where the attorneys repeatedly abused the subpoena power to

11

view sensitive documents, Mr. Begin's abuse resulted in his access to and tampering with potentially key pieces of evidence. Similar to *C.B.H.*, Mr. Begin's surreptitious conduct on June 28, 2007, directly allowed him to hook up hardware to two computers and copy their contents. As in *C.B.H.*, Mr. Begin procured this access by presenting a subpoena that he claimed to be valid to CFAA, which is not a party to this case. Consequently, like the plaintiff's counsel in *C.B.H.*, Mr. Begin, through a flagrant abuse of the subpoena power, may have irrevocably tainted evidence and then, as his later conduct revealed, attempted to hide his misdeeds. As such, a mere fine may not be sufficient to remedy the harm Mr. Begin may have caused by tampering with evidence or the damage he has done to the Court's integrity. As the *C.B.H.* court noted, it is difficult in this case to "allow a party which has demonstrated such a flagrant disregard for our rules simply to receive a small penalty and then go forward with its claim." *C.B.H.*, 88 F.R.D. at 569.

Moreover, Mr. Begin has demonstrated a propensity to mislead and misrepresent facts. *See Moore's Federal Practice* § 41.51[3][i] (stating that dismissal with prejudice may be appropriate where there is a clear pattern of dilatory conduct). In order to procure a temporary restraining order, Mr. Begin submitted an affidavit purportedly indicating that FAA had deliberately infringed on AIS's copyrighted computer program. However, when the affiant, Jacob Kniss, testified at the preliminary injunction hearing he explained that Mr. Begin had taken his statements out of context. The Court found Mr. Kniss's testimony credible, found that Mr. Begin had in fact taken Mr. Kniss's statements out of context, and concluded that "[w]hen placed in the proper context, the affidavit [did] not stand for any of the propositions [AIS] suggest[ed]." Dkt. #18 at 9. What the Court finds even more alarming than Mr. Begin's misleading affidavit is how he obtained Mr. Kniss's statements: in order to procure Mr. Kniss's statements Mr. Begin lured him to AIS's office with a

possible job offer from AIS. Lastly, Mr. Begin has not been forthcoming in this case, even when questioned by the Court as to the extent of discovery during the Scheduling Conference.

Nevertheless, the Court declines to dismiss AIS's case. Although Mr. Begin's rule violations were committed in bad faith and his subsequent conduct amounted to the type of egregious, inexcusable, and destructive conduct which permits dismissal, the Court will not attribute Mr. Begin's conduct to his client and deprive it a chance to present its case on the merits. Moreover, while the record is clear that Mr. Begin violated Rule 45 by not giving prior notice to FAA, the record is not sufficient to conclude that FAA has been prejudiced in any way other than financially. Despite Mr. Begin's admission that he copied the contents of the Toughbook computers, and the obvious indication that Mr. Begin tampered with potential evidence outside the presence of opposing counsel, there is no concrete evidence that Mr. Begin irrevocably damaged material evidence to this case or permanently deprived FAA of an opportunity to inspect CFAA's computers. Moreover, the Court has ordered Mr. Begin to produce the materials he copied from the Toughbook computers to FAA. Consequently, the Court finds that a sizeable monetary sanction will adequately address Mr. Begin's misconduct and remedy any prejudice FAA has suffered to this point. Notwithstanding the Court's conclusion as to this particular matter, Mr. Begin is forewarned that any further misconduct or rule violations will result in the dismissal of this action.

## IV. CONCLUSION

Based on the discussion above, the Court finds that Plaintiff's counsel violated Rule 45 at least once and that this violation was committed in bad faith. Accordingly, the Court concludes that severe sanctions are appropriate in this case in order to reprimand Plaintiff's counsel, to reimburse Defendants, to deter similar conduct in the future, and to preserve the integrity of the Court and its

procedures. Therefore,

IT IS ORDERED that Defendants' Motion is GRANTED in part and Plaintiff's Motion is DENIED.

IT IS FURTHER ORDERED that Plaintiff's counsel, as sanctions, shall reimburse Defendants for the reasonable costs and attorney fees, as determined by the Court, incurred as of the date of this Order in investigating the incidents at CFAA and participating or appearing in any action as a result of Mr. Begin's conduct at CFAA. Mr. Begin shall further reimburse Defendants for the reasonable costs and attorney fees, as determined by the Court, incurred in bringing the current motion and defending Plaintiff's Motion for Sanctions.

IT IS FURTHER ORDERED that within 10 days of the entry of this Order Defendants' counsel shall submit to the Court detailed billing statements and records, along with affidavits in support thereof, documenting the reasonable costs and attorney fees outlined above.

IT IS FURTHER ORDERED that within 10 days of the entry of this Order, Plaintiff's counsel, Mr. Begin, shall submit an affidavit to the Court certifying that he has read and fully understands Rule 45 of the Federal Rules of Civil Procedure and its accompanying notes and commentary.

IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: November 9, 2007

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 9, 2007.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290